UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                              :

DERRICK GARCIA,                          :

                     Petitioner,   :

                                :           10 Civ. 5287 (JPO)

               -v-            :

                                :       OPINION AND ORDER

WILLIAM LEE,                      :       ADOPTING REPORT &

                  Respondent. :       RECOMMENDATION

                                :
-------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

       Pro se Petitioner Derrick Garcia filed a habeas corpus petition challenging his state court

conviction.  After reviewing Garcia's case, Magistrate Judge James L. Cott issued a Report and

Recommendation ("Report") recommending that this Court deny Garcia's Petition and decline to

issue a Certificate of Appealability.  *Garcia v. Lee*, 10 Civ. 5287 (JPO) (JLC), 2012 WL

3822137 (S.D.N.Y. 2012).  Garcia has filed objections to the Report.  For the reasons that

follow, Garcia's objections are overruled and the petition is denied.

I.       **Background**

      A.      **Garcia's Claims**

       Garcia's Amended Petition (Dkt. No. 16) asserted eight distinct legal claims challenging

his May 31, 2007 conviction in New York Supreme Court, Bronx County.  Three of the seven

claims were raised and exhausted on direct appeal from Garcia's conviction (collectively, the

"direct appeal claims").  Garcia claims that the trial court violated his constitutional rights

because (1) the court allowed testimonial evidence about an out-of-court photo identification; (2)

the trial court interfered with and hampered jury deliberations by providing delayed responses to

jury notes; and (3) the court denied a suppression motion.

Garcia's five remaining claims were previously raised and denied in a collateral Motion to Vacate Judgment under New York Criminal Procedure Law § 440.10 (collectively, the "collateral claims"). In the collateral claims, Garcia further alleges that his constitutional rights were violated at trial because: (1) the trial court failed to rule on a mistrial motion; (2) the prosecution used a photo from an illegal arrest; (3) the photo array was improperly suggestive; (4) the prosecution failed to properly produce *Brady* and *Rosario* materials; and, (5) the Defendant was provided ineffective assistance of counsel.

### B.    Report and Objections

The Report addressed each of Garcia's claims. The Report concludes that this Court is barred from reviewing the five collateral claims because a state court previously dismissed those claims on independent and adequate grounds of state procedural law. Report at 35-40; 2012 WL 3822137, at *18-21. The Report further concludes that the three direct appeal claims fail to meet the standard of review established for habeas petitions by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the Report recommended denial of the petition.

Garcia has objected to the Report (Dkt. No. 27). The Court interprets his carefully written Objections with the solicitude that must be afforded to pro se litigants. *Diaz v. United States*, 517 F.3d 608, 613 (2d Cir. 2008) ("[W]e liberally construe . . . *pro se* submissions to . . . raise the strongest arguments that they suggest . . . .") (internal citations and quotations omitted). The bulk of Garcia's Objections focus on the photo identification. He argues that in-court testimony about the out-of-court identification was impermissible hearsay and that the photo was unconstitutionally suggestive. Garcia's Objections also restate his collateral claim that a photo from an unconstitutional arrest was wrongfully used at trial. In addition to these specific objections about the Report's application of the facts and law, Garcia also broadly objects to:

(1) the Report's fact findings; (2) the Report's application of *Bell v. Ercole*, 368 Fed. Appx. 216 (2d Cir. 2010); (3) Magistrate Judge Cott's decision to accept Respondent's Opposition Brief; and, (4) Magistrate Judge Cott's decision to move forward without a complete record.  The Court now considers Garcia's Petition in light of the Report and the Objections thereto.

## II.     Discussion

### A.     Standard for Review of Reports and Recommendations

Where there are objections to a Magistrate Judge's Report, the District Court reviews the issues de novo.  28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

However, absent clear error, the District Court may adopt the Magistrate Judge's reasoning on issues to which objections were not raised.  *See* Fed. R. Civ. P. 72(b), Adv. Comm. Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Borcsok v. Early*, 299 F. App'x 76, 77 (2d Cir. 2008) ("The District Court then reviewed the magistrate judge's report and recommendation for clear error and, finding none, adopted the report . . . ."); *cf* § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . [where] the magistrate judge's order is clearly erroneous or contrary to law.").  The Court finds no errors in the carefully reasoned Report.  Accordingly, the Court hereby adopts all portions of the Report that were not subject to Garcia's Objections.

### B.      Collateral Claims Decided on Independent and Adequate State Law Grounds

Since Garcia's Objections touch upon some of his collateral claims, this Court will

briefly review the basis for denying relief based on Garcia's collateral claims.  "A federal habeas

court will not review a claim rejected by a state court if the decision of the state court rests on a

state law ground that is independent of the federal question and adequate to support the

judgment." *Beard v. Kindler*, 558 U.S. 53, 55 (2009) (internal quotations omitted).  "This rule

applies whether the state law ground is substantive or procedural." *Coleman v. Thompson*, 501

U.S. 722, 729 (1991).

The state appellate court reviewed Garcia's collateral claims on his Motion to Vacate

Judgment and held that the Motion "must be denied" pursuant to New York Criminal Procedure

Law 440.10(2)(c).  *People v. Garcia*, No. 3284/2004, Order on Motion to Vacate Judgment at *2

(N.Y. Sup. Ct. February 9, 2011) (unreported), *available at* Dkt. No. 16, at 43.  Because all of

Garcia's collateral claims, including his claims about an illegally obtained photograph and a

suggestive photo array, were dismissed on independent and adequate state law grounds, this

Court cannot review those claims.

Garcia did not object to the Report's conclusion that the state court's application of New

York procedural law satisfied the independence and adequacy standards that trigger exclusion of

a claim from federal habeas review.  This Court adopts that conclusion.  Furthermore, the Court

agrees with the Report's conclusions that the exceptions based on exorbitant applications of state

law, cause for default and actual prejudice, and fundamental miscarriage of justice do not apply.

These conclusions were not contradicted in Garcia's Objections.

### C.      Direct Appeal Claims Are Subject to AEDPA Review

The three direct appeal claims are subject to federal habeas review.

1.      **Legal Standard**

AEDPA sets forth a notoriously narrow standard for federal habeas review.  *See, e.g.*,

Justin F. Marceau, *Challenging the Habeas Process Rather Than the Result*, 69 Wash. & Lee L.

Rev. 85, 89 (2012) (opining that for many prisoners, "federal habeas review of state convictions

has become futile, illusory, and so improbable as to be . . . nothing more than a misguided

fairytale") (internal quotations omitted, citing various works by Nancy J. King and Joseph F.

Hoffmann); Bryan A. Stevenson, *Confronting Mass Imprisonment and Restoring Fairness to

Collateral Review of Criminal Cases*, 41 Harv. C.R.-C.L. L. Rev. 339, 350 (2006) (noting that

AEPA and subsequent cases "dramatically altered the standard for habeas corpus review . . .

limit[ing] opportunities for post-conviction review of criminal convictions").  Under the AEDPA

standard:

> [Relief] shall not be granted . . . unless the adjudication of the
> claim (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or (2)
> resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d).  A finding of unreasonableness requires "no possibility of disagreement

among fairminded jurists as to the existence of legal error" and "is arguably the narrowest

standard of judicial review in the law."  *Ayuso v. LaValley*, 12 Civ. 0932, 2012 WL 1194146, at

*2 (E.D.N.Y. 2012) (internal quotations omitted).  This "highly deferential standard . . . demands

that state-court decisions be given the benefit of the doubt."  *Woodford v. Visciotti*, 537 U.S. 19,

24 (2002) (per curiam) (internal citations and quotations omitted).

## 2.     Evidentiary Claim Based on Photo Identification

The bulk of Garcia's Objections are devoted to elaborating upon his claim that the trial court should not have permitted a witness to testify about an out-of-court photo identification. On direct appeal, the Appellate Division rejected this argument, finding that Garcia "opened the door to the admission of testimony about a photographic identification." *People v. Garcia*, 866 N.Y.S.2d 667, 667 (N.Y. App. Div. 1st Dep't 2008). During the trial, on direct examination, the witness made an in-court identification of Garcia and was not questioned about the out-of-court photo identification. During cross-examination, Garcia's defense attorney "created the misimpression that the witness could not identify defendant at all . . . and that the witness identified [the] defendant in court only because he was sitting at the defense table." *Id.* at 667-68. In response to defense counsel's intimations that the witness's in-court identification was of recent fabrication, and was elicited by the defendant's placement within the courtroom setting, the trial court allowed the witness to testify about the prior out-of-court photo identification. The Appellate Division affirmed this decision.

In his objections relating to this claim, Garcia questioned the Report's application of *Bell v. Ercole*, 368 F. App'x 216 (2d Cir. 2010). *Bell* articulated the following framework for federal habeas review of state court evidentiary decisions:

> [A] district court must first start with the propriety of the trial court's evidentiary ruling . . . [and if] the challenged ruling was correct under state law, then the district court must ask whether the evidentiary rule that was applied is arbitrary or disproportionate to the purposes it is designed to serve.

*Id.* at 218 (internal citations and quotations omitted). Applying the first step, the Court concludes that the Appellate Division's ruling was correct as a matter of state law. *See, e.g.*, *People v. Massie*, 2 N.Y.3d 179, 184 (2004) ( "[C]ases establish that a trial court should decide

'door-opening' issues in its discretion, by considering whether, and to what extent, the . . . argument said to open the door is incomplete and misleading, and what if any otherwise inadmissible evidence is reasonably necessary to correct the misleading impression.").

Regarding the second step, Garcia has objected that the state evidentiary rule is arbitrary or disproportionate.  However, the "arbitrary or disproportionate" test was devised to evaluate evidentiary rules that block evidence, not rules, like the "door-opening" rule, that admit otherwise prohibited evidence.  *See United States v. Scheffer*, 523 U.S. 303, 308 (1998) ("[S]tate and federal rulemakers have broad latitude . . . to establish rules *excluding evidence* from criminal trials . . . so long as they are not arbitrary or disproportionate to the purposes they are designed to serve.") (internal citations and quotations omitted, emphasis added); *Bell v. Ercole*, 368 F. App'x at 219 (discussing trial court decisions to exclude evidence).  Therefore, the Report was correct in not applying the arbitrary and disproportionate standard.

Ultimately, the Appellate Division rested on firmly established law in affirming the trial court's evidentiary ruling.  The Supreme Court has never struck down evidentiary rules that admit prior consistent statements when those statements are used to bolster in-court identifications that are impeached as recent fabrications.  Thus, the Appellate Division's dismissal of Garcia's claim is reasonable under AEDPA.

### 3.    Additional Direct Appeal Claims

Garcia did not object to the Report's analysis of the two additional direct appeal claims, and, upon review, the Court agrees with the Report.  Garcia's claims that his constitutional rights were violated by the trial court's delay in responding to jury notes and its decision not to suppress evidence that was admitted at trial both fail to satisfy the AEDPA standards.

### D.      Additional Objections

Finally, Garcia's Objections raise three additional concerns, which are addressed below. None of these objections raises constitutional issues.

First, Garcia objects generally to the Report's findings of fact.  However, given the legal landscape of federal habeas relief, few facts beyond those which are captured in prior state court opinions are needed to resolve this petition.  The events at trial which gave rise to Garcia's three direct appeal claims were accurately presented and assessed in the Report.  Furthermore, the procedural history which eliminates Garcia's collateral claims was accurate.  Thus, the Report accurately presented all of the facts needed to resolve Garcia's claims.

Second, Garcia objects to Magistrate Judge Cott's consideration of Respondent's brief notwithstanding Respondent's alleged failure to adhere to Magistrate Judge Cott's individual practices.  This type of objection is not a cognizable basis for habeas relief.

Third and finally, Garcia objects to the incompleteness of the trial record on review.  This objection overlaps with the first objection and warrants a similar response: the facts discussed in the Report and reviewed in this Order are not a comprehensive overview of all that transpired in Garcia's case, but they are all that is needed to decide this petition.

**III.     Conclusion**

For the foregoing reasons, Garcia's petition is DENIED.  The Court declines to issue a Certificate of Appealability because the petitioner has not "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Clerk of the Court is directed to terminate this case.

So ordered.

Dated: February 3, 2014
        New York, New York

_____
                J. PAUL OETKEN
            United States District Judge

The foregoing Opinion and Order has been mailed to the pro se Petitioner at this address:

**Derrick Garcia**
07-A-3380
Green Haven Corr. Fac.
P.O. Box 4000
Stormville, NY 12582-4000
PRO SE